IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| OFFIE JOHN DODSON, | ) |
| Plaintiff, | ) |
| vs. | ) Cv. No.   3:13-cv-0166 |
| | ) JUDGE CAMPBELL/BRYANT |
| DEPUTY BRIAN WELCH & DEPUTY EROL AGAOGLU, | ) |
| Defendant. | ) |

To: The Honorable Todd Campbell

### REPORT AND RECOMMENDATION

This matter is on referral to the undersigned for, inter alia, pretrial management of the case, including recommendation for ruling on any dispositive motions (Docket Entry ("DE") 6). Defendants Deputy Brian Welch & Deputy Erol Agaoglu ("Defendants") have filed a motion for summary judgment. (DE 25) For the reasons stated below, the undersigned Magistrate Judge recommends that defendant's motion for summary judgment be granted and the complaint dismissed.

### Statement of the Case

Plaintiff Offie John Dodson, a prisoner proceeding *pro se* and *In forma pauperis*, filed the instant complaint on February 25, 2013 alleging that Defendants violated his constitutional right to be free from unreasonable searches and seizures. (DE 1) Plaintiff alleges that Deputies Welch and Agaogul, who had arrested Plaintiff with probable cause to believe that he was driving under the influence of alcohol, forced Plaintiff to submit to an involuntary blood draw so that his blood alcohol content could be ascertained. (DE 1)

Plaintiff seeks damages under 42 U.S.C. § 1983 in an amount exceeding $2,000,000.00. (DE 1) Defendants moved the court for summary judgment on May 1, 2013 asserting that Plaintiff's claims are untimely filed, are precluded under the reasoning advanced in *Heck v. Humphrey*, 512 U.S. 477 (1994), and Defendants are entitled to qualified immunity (DE 28).

## Statement of the Facts

On February 22, 2012, at 1:35 p.m., Williamson County Deputy Sheriff Stephen Shaver stopped Offie John Dodson's vehicle for traffic violations on Pinewood Road near Shoals Branch Road in Primm Springs, Tennessee. (Defendants' Statement of Undisputed Material Facts (SUMF), DE 29, p. 1 ¶ 1.) Deputy Shaver took Mr. Dodson into custody for driving under the influence, driving on a revoked license, and violating the habitual motor vehicle offenders statute and read him the implied consent report. (SUMF at p.3 ¶ 6.) Mr. Dodson refused to consent to a test of his blood alcohol content. (SUMF at p. 3 ¶ 7.) Deputy Shaver transported Plaintiff to Williamson Medical Center for a mandatory blood draw as required by Tenn. Code Ann. § 55-10-406(f)(2). (SUMF at p. 4 ¶10) Defendants admit being present when Plaintiff's blood was drawn. (Defendants' Br. in Support of Summary Judgment, DE 29, p. 4)

## Standard of Review

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor."

*Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012).

All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The complaint of a plaintiff proceeding *pro se* must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "basic pleading essentials" still must be met. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## **Legal Analysis**

Plaintiff Dodson brought this suit under 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must demonstrate: (1) that he was deprived of a right secured by the Constitution or the laws of the United States, and (2) that the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

Defendants raise three affirmative defenses: (1) Plaintiff's claims were untimely filed and are time barred; (2) Mr. Dodson's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) Defendants are entitled to qualified immunity based on their good faith reliance on a Tennessee statute, Tenn. Code Ann. § 55-10-406(f)(2) (2012), and case law justifying nonconsensual blood draws in certain circumstances. (Defendants' Memorandum in Support of Summary Judgment ("Defendants' Br."), DE 29, p.5).

Plaintiff's claims here "arise out of the same transaction, occurrence, or series of occurrences," as in his companion case *Dodson v. Shaver*, Civil Action No. 3:12-cv-1032 (DE 3). That case was dismissed on July 1, 2013 because the defendant there, Deputy Stephen Shaver, was entitled to qualified immunity. *See Dodson v. Shaver*, No. 3:12-cv-1032, docket

entry 46, July 1, 2013. The Magistrate Judge finds that Defendants here are likewise entitled to qualified immunity.

As an initial matter, Defendants assert that Plaintiff's claims cannot proceed because they are untimely filed. (Defendants's Br., DE 29, p. 6) However, such is not the case. "Under the prison mailbox rule, [a *pro se* prisoner's court filings] are considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Leb. Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Here, the envelope in which the Clerk received Plaintiff's complaint clearly demonstrates that it was deposited with prison officials on Friday, February 17, 2013, and postmarked on Tuesday, February 21, 2013. (DE 1, p. 9) Thus, Plaintiff's complaint complies with the 1 year statute of limitations included within 42 U.S.C. § 1983.

> In the Report and Recommendation dated May 28, 2012, the Magistrate Judge found:
> 
> Deputy Shaver is a government official who was performing discretionary functions during his interactions with Mr. Dodson. A government official performing discretionary functions is protected from civil liability under the qualified immunity doctrine unless, viewing the facts in the light most favorable to the plaintiff, a reasonable juror could find that: "(1) the defendant violated a constitutional right; and (2) the right was clearly established." *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011). A constitutional right is clearly established if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A court may address the two prongs in either order, or otherwise resolve the issue in an appropriate manner. *See Pearson v. Callahan*, 555 U.S. 223, 242 (2009).
> 
> Deputy Shaver is protected by qualified immunity because he did not violate a clearly established right. The Fourth Amendment allows compulsory blood draws which are (1) justified in the circumstances and (2) performed reasonably. *Schmerber v. California*, 384 U.S. 757, 768 (1966). Although the evidence suggests Deputy Shaver requiring Mr. Dodson to submit to a blood draw was justified in the circumstances and performed reasonably, it is sufficient to find that no clearly established right prohibited Deputy Shaver's actions.
> 
> A compulsory blood draw without a warrant may be justified in the circumstances if the officer has probable cause to believe evidence of intoxication will be found, and the officer reasonably believes delay will threaten the destruction of evidence.

*Id.* at 770. Deputy Shaver testified in his affidavit that he had probable cause to believe evidence of Mr. Dodson's intoxication would be found from a blood draw based upon Deputy Shaver smelling alcohol, seeing open beer cans in Mr. Dodson's car and observing Mr. Dodson fail field sobriety tests during the traffic stop (*See* Docket Entry No. 28–1, p.1–2). Mr. Dodson has not rebutted this evidence. When the blood draw in this case occurred, the law in the Sixth Circuit and Tennessee suggested compulsory blood draws with probable cause were generally justified because blood alcohol levels naturally diminish over time.[1] *United States v. Berry*, 866 F.2d 887, 891 (6th Cir. 1989) ("because evidence of intoxication begins to dissipate promptly . . . there were exigent circumstances indicating the need to take such action"); *State v. Fowler*, 1985 Tenn. Crim. App. LEXIS 3290 (1985) ("[e]xigent circumstances will generally always exist because the nature of alcohol is such that it will soon disappear from a person's blood stream").

Furthermore, Deputy Shaver was justified in the circumstances because he was acting pursuant to a Tennessee statute which required him to test Mr. Dodson's blood alcohol content. Under Tenn. Code Ann. § 55-10-406(f)(2) (2012), if an officer has probable cause to suspect a driver of a motor vehicle has been driving under the influence and has previously been convicted of driving under the influence, then "the officer shall cause the driver to be tested for the purpose of determining the alcohol or drug content of the driver's blood." The statute provides that this test "shall be performed regardless of whether the driver does or does not consent to the test." *Id.*

While it is clear that a compulsory blood draw must be performed reasonably, *Schmerber*, 384 U.S. at 768, Deputy Shaver's actions did not violate a clearly established limit on how officers may conduct compulsory blood draws. The Court in *Schmerber* suggested a compulsory blood draw was reasonable if performed "by a physician in a hospital environment according to accepted medical practices." *Id*. at 771. Deputy Shaver took Mr. Dodson to Williamson County Medical Center where a nurse performed the blood draw (Docket Entry No. 1, p.6). While Mr. Dodson conclusorily alleges that being held down on the table by Deputy Shaver during the blood draw was a forceful attack, such temporary restraint is consistent with the nature of compulsory blood draws and the Tennessee statute requiring blood tests from unconsenting individuals. Therefore, there is no indication that this blood draw was performed unreasonably.

(*Dodson v. Shaver*, No. 3:12-cv-1032, DE 42, pp. 4-6)

Because the underlying blood draw was reasonable and within the parameters mandated by Tennessee law, Defendants' here are entitled to qualified immunity.

---

[1] In *Missouri v. McNeely*, 569 U.S. __, No. 11-1425, 133 S.Ct. 1552 (Apr. 17, 2013), the Supreme Court held that case-specific exigent circumstances are required to justify a compulsory blood draw. However, the blood draw in this case occurred on February 22, 2012, so *McNeely* is not relevant in determining whether or not a constitutional right was clearly established at the time of this incident.

## **Recommendation**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant's motion for summary judgment be **GRANTED**, and the complaint be **DISMISSED** with prejudice.

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 8th day of October, 2013.

      /s/ John S. Bryant
      John S. Bryant
      United States Magistrate Judge